UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BECKY FIELDER | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| SCOTT LOWERY LAW OFFICES, P.C. | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Becky Fielder, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Becky Fielder (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

### III. PARTIES

4. Plaintiff, Becky Fielder is an adult natural person residing at 38 David Road, Franklin, NJ 07416. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Scott Lowery Law Offices, P.C. at all times relevant hereto, is and was a law office engaged in the business of collecting debt within the State of New Jersey and Colorado with its principal place of business located at Cherry Creek Corporate Center, 4500 Cherry Creek Drive South, Suite 700-710, Denver, Colorado 80246.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about November 16, 2010, Plaintiff started to receive calls to her place of employment from Defendant's agent, "Amber Martin", on a debt allegedly owed on a Sears account.

8. Plaintiff received several calls on that same day from Defendant.

9. Plaintiff informed Defendant's agent, "Amber Martin", on each call that she has retained the services of personal counsel and that the Defendant should call them directly on this matter.

10. Defendant's agent, "Amber Martin", told the Plaintiff that if her attorney was associated with a debt consolidation company the Defendant would not work with them.

11. Later that same day, Defendant's agent, "Amber Martin", called the Plaintiff again and told her that she had called her personal counsel and that they informed the Defendant that the Plaintiffs account with them was in the negative and that they had no funds to pay toward her debts.

12. Plaintiff told Defendant's agent, "Amber Martin", that this information was not correct and that she needed to call her attorney again.

13. Plaintiff repeatedly asked Defendant's agent, "Amber Martin", to call her attorney and again gave them her attorney's contact information.

14. Plaintiff told Defendant's agent, "Amber Martin", that she was calling her at work and that she needed to stop because the Plaintiff was afraid that she could get fired.

15. Defendant's agent, "Amber Martin's", response to Plaintiff was "Good".

16. On or about November 18, 2010, Defendant's agent, "Amber Martin", called Plaintiff in work again.

17. On or about November 19, 2010, Plaintiff received another call from the Defendant.

18. On or about November 22, 2010, Defendant called the Plaintiff at her home and on her cell phone in reference to this debt.

19. Plaintiff continues to receive calls from Defendant attempting to collect on the above referenced debt.

20. Any and all contact with the Plaintiff after knowledge that they were being

represented by an attorney constitutes a violation of the Fair Debt Collection Practices Act.

21. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(1):   At any unusual time, unusual place, or unusual time or place known to be inconvenient the consumer

§ 1692c(a)(2):   After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692c(a)(3):   At place of employment when knows that the employer prohibits such communication

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):   Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in their favor and against Scott Lowery Law Offices and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

  d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

            **Respectfully submitted,**

            **WARREN & VULLINGS, LLP**

**Date: December 8, 2010**   **BY: /s/Bruce K. Warren**
            Bruce K. Warren, Esquire

            **BY: /s/Brent F. Vullings**
            Brent F. Vullings, Esquire

            Warren & Vullings, LLP
            1603 Rhawn Street
            Philadelphia, PA  19111
            215-745-9800   Fax 215-745-7880
            Attorneys' for Plaintiff